UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRITY BANCSHARES, INC. | ) | Case No. 08-80512 |
| | ) | |
| Debtor. | ) | JUDGE BONAPFEL |
| _____ | ) | |
| | ) | |
| JORDAN E. LUBIN, CHAPTER 7 TRUSTEE, | ) | Adversary Proceeding |
| | ) | No. 09-06057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN M. SKOW, SUZANNE LONG, | ) | |
| DOUGLAS G. BALLARD II and ROBERT F. | ) | |
| SKEEN, III, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

**<u>RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE</u>**

**<u>DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE OF
ADVERSARY PROCEEDING NO. 09-06057</u>**

Steven M. Skow, Suzanne Long, Douglas G. Ballard, II, and Robert F. Skeen, III (collectively, the "Defendants"), hereby move, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a), that the United States District Court for the Northern District of Georgia (the "District Court") withdraw the reference of the above-captioned adversary

proceeding currently pending in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") for the following reasons:

1.  The Complaint for Damages ("Damages Complaint") was filed in the above-captioned adversary proceeding on February 3, 2009.

2.  In the Damages Complaint, the Trustee has alleged that he is entitled to recover damages from the Defendants for alleged breaches of fiduciary duties, negligent performance of their duties and responsibilities as directors and officers of the Bank and Debtor, and attorney's fees.

3.  As demonstrated in the Memorandum of Law in Support of Defendants' Motion to Withdraw the Reference filed herewith, such withdrawal should be granted on a mandatory basis. Specifically, the Trustee explicitly asserts that he "has the standing to bring the **derivative claims** set forth herein against the Defendants on behalf of the Estate." *See* Damages Complaint ¶ 64 (emphasis added); *see also id.* ¶ 3. Under governing law, such derivative claims belong exclusively to the Federal Deposit Insurance Corporation ("FDIC"). *See generally* 12 U.S.C. § 1821(d)(2)(A)(i) ("Financial Institutions Reform Recovery and Enforcement Act" or "FIRREA") and *Brandt v. Bassett (In re Southeast Banking Corp.)*, 827 F. Supp. 742, 746 (S.D. Fla. 1993), *aff'd in part and rev'd in part on other grounds*, 69 F.3d 1539 (11th Cir. 1995). The present action will involve substantial and material consideration of FIRREA. Accordingly, the withdrawal of the reference should be mandatory pursuant to 28 U.S.C. § 157(d). *See generally Morris v. The Resolution Trust Corp. (In re Mid America Entertainment Plus, Inc.)*, 135 B.R. 419 (D. Kan. 1991) (granting mandatory withdrawal pursuant to 28

U.S.C. § 157(d) because adversary proceeding required the court to make a "*significant interpretation*" of FIRREA).

    4.    Additionally, it is well-established that the claims in the Damages Complaint are non-core to the underlying bankruptcy proceedings. *See* Memorandum of Law in Support of Defendants' Motion to Withdraw the Reference of Adversary Proceeding No. 09-06057 at 9-11. With regard to these non-core claims, the Defendants assert that they are entitled to trial by jury. Contemporaneously with the filing of this Motion, the Defendants also filed Jury Demands. The Defendants do not consent, under Local Bankruptcy Rule 9015-2, to have a jury trial conducted by the Bankruptcy Court. Absent the Defendants' consent, this Court is the only court in which a jury trial can be conducted. Furthermore, the Defendants have not consented to the Bankruptcy Court entering final orders or judgments in this case. Finally, judicial efficiency weighs in favor of withdrawing the reference. Accordingly, pursuant to 28 U.S.C. §157(d), the District Court should withdraw the reference of the above-captioned adversary proceeding on a permissive basis.

    5.    In accordance with Bankruptcy Local Rule 7007-1, the legal bases for this Motion are set forth in the Memorandum of Law in Support of Defendants' Motion to Withdraw the Reference filed concurrently herewith. As explained therein, permissive and mandatory withdrawal of the reference is appropriate for the following reasons: (a) resolution of the Trustee's Damages Complaint will involve substantial and material considerations of FIRREA; (b) the Trustee's derivative allegations against the Defendants are non-core to the bankruptcy proceedings; (c) the Defendants possess a right to a trial

- 3 -

by jury on all the non-core claims; and (d) judicial efficiency weighs in favor of withdrawing the reference.

      6.      The Defendants are filing this Motion for procedural purposes only, and do not otherwise agree to submit themselves or this case to the jurisdiction of the Bankruptcy Court, nor does the filing of this Motion constitute an agreement that jurisdiction and venue in this matter are proper in the Bankruptcy Court and/or this District Court, nor that this Adversary Proceeding constitutes a "core" matter under 28 U.S.C. § 157(b). Nothing herein or otherwise, including, without limitation, any later appearance, pleading, claim, or action, is intended as or shall be deemed to be a waiver, release, or modification by the Defendants of their (a) right to have final orders in non-core matters in this case entered after *de novo* review by a district judge; (b) right to trial by jury on any issue so triable in this case or any case, controversy, or proceeding related to this case; (c) right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (d) other rights, remedies, claims, actions, defenses, setoffs, or recoupments to which it may be entitled, all of which are hereby expressly reserved.

      WHEREFORE, for the above stated reasons, and as more fully set forth in the Memorandum attached hereto, the Defendants respectfully request the following relief:

(i)    That pursuant to 28 U.S.C. § 157(d), the District Court withdraw the reference of the above-captioned adversary proceeding; and

(ii)    That the District Court grant the Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of March, 2009.

        ALSTON & BIRD LLP

        By: /s/ Dennis J. Connolly
        DENNIS J. CONNOLLY
        Georgia Bar No. 182275
        *dennis.connolly@alston.com*
        JOHN L. LATHAM
        Georgia Bar No. 438675
        *john.latham@alston.com*
        JESSICA P. CORLEY
        Georgia Bar No. 572733
        *jessica.corley@alston.com*
        BRANDON R. WILLIAMS
        Georgia Bar No. 760888
        *brandon.williams@alston.com*

        1201 West Peachtree Street
        Atlanta, Georgia 30309-3424
        Telephone: 404-881-7000
        Facsimile: 404-881-7777

        *Counsel for Suzanne Long*

        ARNALL GOLDEN GREGORY LLP

        /s/ Aaron M. Danzig
        AARON M. DANZIG
        Georgia Bar 205151
        *aaron.danzig@agg.com*
        HENRY R. CHALMERS
        Georgia Bar No. 118715
        *henry.chalmers@agg.com*

        171 17th Street, NW
        Suite 2100
        Atlanta, GA 30363-1031
        Telephone: 404-873-8500
        Facsimile: 404-873-8501

        *Counsel for Douglas G. Ballard, II*

Case 09-06057-pwb Doc 55 Filed 03/05/00 Entered 04/29/09 17:37:17 of Desc Main
Case 1:09-cv-01155-RWS Document 1 Filed 04/29/09 Page 6 of 8
Document    Page 6 of 8

CHILIVIS COCHRAN LARKINS & BEVER, LLP

/s/ Anthony L. Cochran
ANTHONY L. COCHRAN
Georgia Bar No. 172425
*alc@cclblaw.com*
J.D. DALBEY
Georgia Bar No. 003150
*jdd@ccblaw.com*

3127 Maple Drive, N.E.
Atlanta, GA 30305
Telephone: 404-233-4171
Facsimile: 404-261-2842

*Counsel for Robert F. Skeen, III*

COCHRAN & EDWARDS, LLC

/s/ Randy Edwards
RANDY EDWARDS
Georgia Bar No. 241525
*randy@cochranedwardslaw.com*

2950 Atlanta Road SE
Smyrna, GA 30080
Telephone:  770-435-2131
Facsimile:  770-436-6877

*Counsel for Steven M. Skow*

- 6 -

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRITY BANCSHARES, INC. | ) | Case No. 08-80512 |
| | ) | |
| Debtor. | ) | JUDGE BONAPFEL |
| ──────────────────────────── | ) | |
| | ) | |
| JORDAN E. LUBIN, CHAPTER 7 TRUSTEE, | ) | Adversary Proceeding |
| | ) | No. 09-06057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN M. SKOW, SUZANNE LONG, | ) | |
| DOUGLAS G. BALLARD II and ROBERT F. | ) | |
| SKEEN, III, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────────── | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused to be served a true and correct copy of the foregoing "**DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING NO. 09-06057**" upon each of the parties listed below via electronic mail and first class United States mail, postage prepaid, to ensure delivery.

Jay D. Brownstein
Kevin S. Little
Brownstein Nguyen & Little LLP
1201 Peachtree Street N.E.
400 Colony Square, Suite 200
Atlanta, Georgia 30361

- 7 -

- 8 -

Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA  30303

       This 5th day of March, 2009.

                          By:  /s/ Dennis J. Connolly
                               Dennis J. Connolly